# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRADY MCGRUDER,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 17-cv-00649-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Brady McGruder's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has not filed a response and the time for doing so has not expired. However, the Court does not require a response. For the following reasons, the Court denies Mr. McGruder's motion.

1. **Background.**

On June 1, 2009, Petitioner pleaded guilty to one count of conspiracy to distribute heroin and three counts of distribution of heroin pursuant to a plea agreement. *See United States v. McGruder*, Case No. 08-cr-30254 (Doc. 78). Mr. McGruder was sentenced on September 1, 2009, to the custody of the Bureau of Prisons for 365 months; three years supervised release; a $300 special assessment; and a $300 fine. (Doc. 118, 08-cr-30254). Mr. McGruder was determined to be a career offender under the meaning of U.S.S.G. § 4B1.1[1]. However, he was sentenced under U.S.D.G. 2D1.1 as offense level was higher. (Doc. 98, 08-cr-30254). Pursuant to the plea agreement, Mr. McGruder did not appeal his conviction or sentence.

---
[1] 2008 Guideline Manual.

2. **Standard.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No hearing is required in this matter.

3. **Analysis.**

Petitioner filed his § 2255 on June 22, 2017, arguing that his prior convictions should not have qualified him as a career offender based on the recent Supreme Court decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016). Such an argument is moot. As stated earlier, Mr. McGruder was sentenced under U.S.S.G. § 2D1.1 and not under the career offender guidelines of U.S.S.G. § 4B1.1. Even if he could prevail under *Mathis*, his sentence range (at the time sentence was imposed) would remain the same under U.S.S.G. § 2D1.1. As such, Mr. McGruder is not entitled to receive any relief pursuant to *Mathis* or any other argument presented as it relates to the career offender enhancement.

4. **Certificate of Appealability.**

Having denied Mr. McGruder's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United

States District Courts; 28 U.S.C. § 2253(c).  Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  Mr. McGruder has made no such showing.  Therefore, the Court denies a certificate of appealability.  Pursuant to Rule 11(a). Mr. McGruder may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

5. **Conclusion.**

Petitioner Brady McGruder's  Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  This case is **DISMISSED** and the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

DATED:  6/26/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**